IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MERLIN LKENT WILLIAMS, #392980**                                        **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 1:16cv57-LG-MTP**

**JUDGE FANT WALKER**                                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case is before the Court *sua sponte*. *Pro se* Plaintiff Merlin Lkent Williams is incarcerated in the Harrison County Adult Detention Center, and he brings this action for damages and release challenging his sentences for probation violations and contempt of court. The Court has considered and liberally construed the pleadings. Fo the reasons set forth below, this case is dismissed.

### FACTS AND PROCEDURAL HISTORY

Williams alleges that he was arrested on December 24, 2015, for a probation violation and a new criminal charge. While he does not say exactly what he was accused of, he does say it was a repeat misdemeanor offense, the most prior of which he had been convicted of two months earlier. On December 28, 2015, he appeared before Defendant, Judge Fant Walker of the Municipal Court of Gulfport, Mississippi.

In that proceeding, Williams represented himself. He claims that it was not until he was at the hearing that he was informed that he was being charged with two probation violations instead of one. When he attempted to speak in his defense, he claims that Judge Walker told him not to speak and found him guilty of violating

his probation. When Williams spoke anyway, Judge Walker allegedly held him in direct contempt of court. Judge Walker sentenced Williams to 180 days on the two probation revocations, followed by 180 days without parole on the contempt conviction. Williams claims that he should only be sentenced to 90 days on the revocation and should not have been convicted of contempt. On February 19, 2016, Williams filed a Motion for Reconsideration, which was denied.

Nine days prior to filing the Motion for Reconsideration, Williams filed this lawsuit. He sues Judge Walker under 42 U.S.C. § 1983 for alleged illegal sentences and a conviction, "bias and prejudice," cruel and unusual punishment, and for denying him a defense. (*See* 2d Resp. at 2, ECF No. 11). Williams asks the Court to award damages and to release him from jail.

## DISCUSSION

SECTION 1983 CLAIMS

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court, such as Williams. The statute provides in pertinent part that, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* Having reviewed Williams's filings, the Court finds that William's Complaint is subject to *sua sponte* dismissal under § 1915.

The claims against Judge Walker stem from actions taken in the course and scope of his role as judge over Williams's criminal case. A judge enjoys absolute immunity from a civil action when performing within his judicial capacity. *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Id.* (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Fifth Circuit Court of Appeals applies a four factor test to determine whether a judge acted within the scope of his judicial capacity:

> (1) whether the precise act complained of is a normal judicial function;

> (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers;
> (3) whether the controversy centered around a case pending before the court; and
> (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). In applying the four factors to the facts alleged, it is clear that Judge Walker is absolutely immune from this lawsuit. Judge Walker's decisions as to how to conduct a hearing, whether to revoke probation, what sentence to institute, and whether to hold someone in contempt are clearly within the normal judicial function which arise out of his official capacity. Furthermore, there is no indication that Judge Walker's actions occurred outside the courtroom or his chambers. The controversy undisputedly centers around a criminal case that was pending before the municipal judge. Consequently, this Court finds that Williams cannot maintain an action under § 1983 against Judge Walker.

HABEAS CLAIMS

Construing Williams's Complaint liberally, the Court finds that he is also asserting a claim for habeas relief. Namely, in addition to damages, Williams requests immediate release from detention. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Before Williams can pursue habeas claims in this Court, he must exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A). This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal

rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). The only attempt at exhaustion that Williams describes is filing a Motion for Reconsideration in the State trial court, which does not satisfy the exhaustion requirement. As a result, the Court declines to sever the instant habeas claims into a separate action, but will dismiss those claims without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, *pro se* Plaintiff Merlin Lkent Williams's 42 U.S.C. § 1983 claims are **DISMISSED WITH PREJUDICE** pursuant to judicial immunity, and his habeas claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 2nd day of May, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE